Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL HADDAD, an individual,<br><br>Plaintiff,<br><br>        v.<br><br>JOHNNIE FRESCO LLC, a California limited liability company; DEAD FRESH CREW, LLC, a California limited liability company; JOHNATHAN L. HUBBARD, an individual; AND DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>3. VICARIOUS COPYRIGHT INFRINGEMENT;<br>4. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1
COMPLAINT

Mitchell Haddad by and through his undersigned counsel, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §1400(a) because Defendants reside and/or may be found in this judicial district.

4. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants reside in, are domiciled in, and/or regularly conduct and transact business within this judicial district, and a substantial part of the acts of infringement alleged herein occurred within this judicial district.

**PARTIES**

5. Mitchell Haddad ("Haddad") is an individual currently residing in Los Angeles County.

6. Upon information and belief, Haddad alleges that Defendant Johnnie Fresco LLC ("Johnnie Fresco") is a California limited liability company doing business in and with this judicial district, with its principal place of business at 2911 W. 131st Street, Gardena, California 90299, and which owns and operates the commercial apparel website located at https://www.deadfreshcrew.com and the associated social media accounts through which the Infringing Products are marketed, promoted, displayed, and sold. Upon information and belief, Johnnie Fresco operates, controls, and/or does business in concert with Dead Fresh Crew, LLC in connection with the design, manufacture, marketing, promotion, distribution, and sale of the Infringing Products, and is an alter ego of Defendants Dead Fresh Crew, LLC and Johnathan L. Hubbard.

7. Upon information and belief, Haddad alleges that Defendant Dead Fresh Crew, LLC ("DFC") is a California limited liability company doing business in and

with this judicial district, with its principal place of business at 2911 W. 131st Street, Gardena, California 90299, and which, with Johnnie Fresco, owns and operates the commercial apparel website located at https://www.deadfreshcrew.com and the associated social media accounts through which the Infringing Products are marketed, promoted, displayed, and sold.

8.    Upon information and belief, Haddad alleges that Defendant Johnathan L. Hubbard ("Hubbard") is an individual residing in this judicial district and is the founder, owner, principal, and managing member of DFC and Johnnie Fresco. Upon information and belief, Hubbard personally conceived, authorized, directed, controlled, participated in, and financially benefited from the infringing conduct alleged herein, including by personally marketing and promoting the Infringing Products through his social media accounts (including the Instagram accounts "@deadfreshcrew" and "@johnniefresco") and by publicly representing that additional products bearing the Subject Photograph would be restocked. Hubbard is a moving, active, and conscious force behind the infringement alleged herein and is personally liable therefor.

9.    Defendants Does 1 through 10, inclusive (collectively with Johnnie Fresco, DFC, and Hubbard, "Defendants"), are other parties not yet identified who have infringed Haddad's copyrights, have contributed to the infringement of Haddad's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Haddad, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.    Haddad is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Haddad's rights and the damages to Haddad proximately caused thereby.

**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH**

11.    Haddad is a professional photographer who has, over the course of his career, created an extensive catalog of original photographic works, including striking and iconic images of world-famous athletes, prominent political figures, celebrated artists, and other notable public figures. Through his skill, creativity, and artistic vision, Haddad has produced photographs that are widely recognized and highly valued. Among the notable figures Haddad has captured are President Barack Obama, the Dalai Lama, Oprah Winfrey, and Kobe Bryant.

12.    Because of the renown of his subjects, the skill and artistry that distinguish his works, and the resulting demand for his photographs, Haddad's images are frequently exploited by third parties without his authorization. Time and again, Haddad discovers his copyrighted photographs being reproduced and distributed without permission, license, or compensation, including on garments and other consumer merchandise offered for sale.

13.    Haddad owns and created the original photograph depicted below (the "Subject Photograph"):

///

///

4
COMPLAINT

**SUBJECT PHOTOGRAPH**



14.     Haddad complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph, which Haddad has registered with the United States Copyright Office.

15.     Prior to the acts complained of herein, Haddad widely publicly displayed and disseminated the Subject Photograph, including on his personal website, "https://mitchellhaddadphoto.com/".

16.     Defendants are well known to Haddad and are intimately familiar with the Subject Photograph. On or about March 15, 2024, Haddad filed a copyright infringement action against DFC and Hubbard, among others, in the United States District Court for the Central District of California, captioned Haddad v. Dead Fresh Crew, LLC, et al., Case No. 2:24-cv-02205 (the "Prior Action"), which arose out of Defendants' unauthorized reproduction, distribution, and sale of apparel bearing the very same Subject Photograph at issue in this action.

17.     The Prior Action was resolved pursuant to a written settlement agreement that became effective on July 19, 2024 (the "Prior Settlement"). By virtue of the Prior

Action and the Prior Settlement, Defendants had actual, direct, and unequivocal knowledge of Haddad's ownership of and exclusive rights in the Subject Photograph, and of the fact that Defendants possessed no license, authorization, consent, or permission to reproduce, display, distribute, or sell any product bearing, in whole or in part, the Subject Photograph.

18.     Notwithstanding the Prior Action and the Prior Settlement, Defendants did not cease their exploitation of the Subject Photograph. Instead, after the effective date of the Prior Settlement, Defendants knowingly continued to reproduce, publicly display, market, promote, and sell apparel bearing the Subject Photograph—including a garment marketed and sold as the "KOBE LA DODGERS TEE"—through Defendants' commercial website at https://www.deadfreshcrew.com and through Defendants' social media accounts, including Instagram.

19.     Defendants' continued exploitation of the Subject Photograph after the Prior Settlement was open, deliberate, and undertaken for Defendants' commercial benefit. Among other things, Hubbard publicly represented, through his Instagram account, that he was working to restock additional products bearing the Subject Photograph, and Defendants repeatedly featured the Subject Photograph in advertising, marketing, and promotional posts—including posts depicting athletes, celebrities, and other public figures wearing apparel bearing the Subject Photograph—published on or after the effective date of the Prior Settlement, including in and around August 2024.

20.     On August 20, 2025, Haddad, through his counsel, transmitted to Defendants a written cease-and-desist demand (the "Demand") that expressly notified Defendants that their continued use of the Subject Photograph infringed Haddad's copyrights and that demanded Defendants immediately cease and desist from all publication, reproduction, display, distribution, and sale of any product or image bearing, in whole or in part, the Subject Photograph. Defendants received the Demand.

21.     Despite the Prior Action, the Prior Settlement, and the Demand, Defendants continued to display, market, promote, and offer for sale apparel bearing

the Subject Photograph. As late as January 2026—more than five months after the Demand, and more than eighteen months after the Prior Settlement—Defendants continued to publicly display the Subject Photograph on Defendants' website, including at the URL https://www.deadfreshcrew.com/collections/dead-fresh-crew-highlighted-a-collection/products/kobe-la-dodgers-tee, causing Haddad's counsel to transmit further written demands that Defendants remove the infringing material.

22.     Each of the foregoing acts was undertaken by Defendants with full and actual knowledge of Haddad's rights in the Subject Photograph and in knowing, reckless, and willful disregard thereof. Defendants had actual notice—by way of the Prior Action, the Prior Settlement, and the Demand—that they had no right, license, or authorization to exploit the Subject Photograph in any manner, yet Defendants continued to reproduce, publicly display, market, promote, and sell products bearing the Subject Photograph for their own commercial gain. Defendants' infringement was, and continues to be, knowing, intentional, deliberate, and willful.

23.     Haddad is informed and believes and thereon alleges that, both before and after the Prior Settlement, Defendants used the Subject Photograph without Haddad's authorization for commercial purposes in various ways, including, but not limited to, reproducing the Subject Photograph on Defendants' products and prints, publicly displaying the Subject Photograph in Defendants' advertising, marketing, and promotional materials, and manufacturing, distributing, offering for sale, and selling products bearing the Subject Photograph (the "Infringing Products"). True and correct screen captures of the Infringing Products and Defendants' infringing uses are depicted below:

///

///

| INFRINGING PRODUCTS AND USE |
|---|














COMPLAINT



24.     Upon information and belief, Haddad alleges that Defendants, and each of them, accessed the Subject Photograph, including through the Prior Action and the Prior Settlement, through Haddad's numerous online profiles and features, publications and press featuring his work, his social media accounts, his physical photography exhibitions, and/or through viewing the Subject Photograph on third-party websites (e.g., Twitter, Instagram, Pinterest, internet search engines, etc.).

25.     Haddad has not, at any time, authorized Defendants to exploit the Subject Photograph. To the contrary, the Prior Action, the Prior Settlement, and the Demand each confirmed to Defendants that they had no license, authorization, or permission to use the Subject Photograph in any manner.

26.     On August 20, 2025, and again on multiple occasions thereafter, including in January 2026, Haddad, through counsel, demanded that Defendants cease and desist all publication, display, reproduction, distribution, and sale of the Subject Photograph and the Infringing Products. Defendants nonetheless continued their infringing conduct, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

27. Haddad repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Upon information and belief, Haddad alleges that Defendants, and each of them, had access to the Subject Photograph including, without limitation, through (a) the Prior Action and the Prior Settlement; (b) viewing Haddad's website, as well as Haddad's online profiles, publications, and features; and (c) products manufactured and sold to the public bearing the Subject Photograph lawfully printed by Haddad for his customers and licensees.

29. Upon information and belief, Haddad alleges that one or more of the Defendants designs, manufactures, markets, and/or sells apparel and related products. Haddad is further informed and believes and thereon alleges that Defendants, and each of them, have an ongoing business relationship with one another and acted in concert to design, manufacture, market, promote, distribute, and sell the Infringing Products, which featured unauthorized reproductions that were identical or substantially similar to the Subject Photograph or were unlawful derivations or modifications thereof.

30. Upon information and belief, Haddad alleges that Defendants, and each of them, infringed Haddad's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Photograph and by producing, distributing and/or selling products which infringe the Subject Photograph through a network of retail stores, catalogues, and through on-line websites.

31. Due to Defendants' acts of infringement, Haddad has suffered substantial damages to his business in an amount to be established at trial.

32. Due to Defendants' acts of infringement, Haddad has suffered general and special damages, particularly in the form of lost business and licensing opportunities, in an amount to be established at trial.

33.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, Haddad is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Haddad's rights in the Subject Photograph in an amount to be established at trial.

34.    Haddad is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, as demonstrated by, among other things, Defendants' continued infringement after the Prior Action, the Prior Settlement, and Haddad's August 20, 2025 cease-and-desist Demand, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Haddad will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement - Against All Defendants)

35.    Haddad hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

36.    On information and belief, Haddad alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Photograph, and/or selling such derivative works and products that that Defendants knew, or should have known, were not authorized to be published by Defendants.

37.    Defendants had actual knowledge and/or were aware of the facts and circumstances surrounding the creation of the Infringing Products.

38.     Haddad alleges that Defendants committed contributory copyright infringement with actual knowledge of Haddad's rights—including through the Prior Action, the Prior Settlement, and the August 20, 2025 Demand—such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

39.     By reason of Defendants' acts of contributory infringement as alleged above, Haddad has been damaged and has suffered damages in an amount to be established at trial.

40.     Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Haddad's rights in the Subject Photograph. As such, Haddad is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Photograph, in an amount to be established at trial.

41.     Haddad is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, as demonstrated by, among other things, Defendants' continued infringement after the Prior Action, the Prior Settlement, and Haddad's August 20, 2025 cease-and-desist Demand, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Haddad will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Vicarious Copyright Infringement - Against All Defendants)

42.     Haddad repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

43. On information and belief, Haddad alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Products, and were able to supervise the reproduction, distribution, broadcast, and publication of the Infringing Products.

44. Defendants also have a direct financial interest in the infringing conduct, including with respect to the Infringing Products, because Defendants, particularly DFC and Johnnie Fresco, realize increased profits through the proliferation and dissemination of the Infringing Products through their apparel business(es) by disregarding the intellectual property rights of copyright holders such as Haddad and saving money on licensing fees and costs with regard to the same.

45. Haddad alleges that Defendants committed vicarious copyright infringement with actual knowledge of Haddad's rights—including through the Prior Action, the Prior Settlement, and the August 20, 2025 Demand—such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

46. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Haddad has suffered general and special damages in an amount to be established at trial.

47. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Haddad's rights in the Subject Photograph. As such, Haddad is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Haddad's rights in the Subject Photograph, in an amount to be established at trial.

48. On information and belief, Haddad alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above,

17
COMPLAINT

which were willful, intentional and malicious, as demonstrated by, among other things, Defendants' continued infringement after the Prior Action, the Prior Settlement, and Haddad's August 20, 2025 cease-and-desist Demand, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## FOURTH CLAIM FOR RELIEF

(For Violation of 17 U.S.C. § 1202(a) and (b) - Against All Defendants)

49.    Haddad repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

50.    As seen below and on Haddad's website, the Subject Photograph was routinely published with attribution information including Haddad's name and/or the title of the works, all of which identify Haddad as the author and owner of the Subject Photograph and qualify as copyright management information.



COMPLAINT

51.     Upon information and belief, Haddad alleges that Defendants, and each of them, removed Haddad's copyright management information from the Subject Photograph before publishing, reproducing, displaying, distributing, and otherwise copying it and selling products bearing the Subject Photograph to the public.

52.     On information and belief, it is alleged that Defendants, and each of them, appended their own CMI to Haddad's Subject Photograph, including that of individual vendors on the website, products bearing said photography, tags attached to products bearing said designs, web pages bearing said designs, and online content bearing said designs.

53.     On information and belief, it is alleged that Defendants, and each of their, addition of their CMI to any product, material, or content incorporating, in whole or in part, the Subject Photograph was false because Defendants do not own any rights or license relevant to the Subject Photograph.

54.     On information and belief, it is alleged that Defendants, and each of them, distributed product bearing false CMI, including without limitation, CMI indicating that they held rights in or a license relevant to the Subject Photograph.

55.     On information and belief, Defendants, and each of them, removed Haddad's CMI from his work, and appended their false CMI to his work, and distributed false CMI knowingly, intentionally, and with an intent to conceal their own infringement and enable and facilitate their sale of infringing product.

56.     The above conduct violates 17 U.S.C. 1202(a) and (b) and Haddad resultantly seeks separate statutory damages awards for each violation as well as attorneys' fees any other damages resultant from the violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Haddad prays for judgment as follows:

    a.   That Defendants, their agents and employees be enjoined from infringing Haddad's copyrights in any manner, specifically those for the Subject Photograph;

COMPLAINT

b. That Haddad be awarded all profits of Defendants plus all losses of Haddad, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504, and/or 17 U.S.C. § 1203;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d. That Haddad be awarded his attorneys' fees as available under the 17 U.S.C. § 1203;

e. That Defendants, and each of them, account to Haddad for his profits and any damages sustained by Haddad arising from the foregoing acts of infringement;

f. That Haddad be awarded pre-judgment interest as allowed by law;

g. That Haddad be awarded the costs of this action; and

h. That Haddad be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Haddad demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: August 7, 2026                    Respectfully submitted,
`
                                   By:   /s/ *Andres Navarro*
                                         Trevor W. Barrett, Esq.
                                         Andres Navarro, Esq.
                                         DONIGER / BURROUGHS
                                         *Attorneys for Plaintiff*

COMPLAINT